E-FILED

Thursday, 10 September, 2015  02:48:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

FILED

SEP 1 0 2015

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| LLOYL TENNISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  15-1113 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court for consideration of Petitioner Lloyl Tennison's Motion to for Leave to Appeal In Forma Pauperis. (Doc. 11). For the reasons that follow, Petitioner's motion is denied.

### BACKGROUND

In 2012, Petitioner was convicted of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) upon a guilty plea. On March 23, 2015, Petitioner filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). As a first ground, he alleged that he is actually innocent of his conviction and his trial counsel was ineffective when he failed to object to the amount of methamphetamine reported in his presentence report. In the second, he alleged that his sentence violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and his appellate counsel was ineffective for failing to raise the issue on appeal. In the third, he argues that he was actually innocent of the conspiracy charge and that trial counsel provided ineffective assistance at the plea

bargaining stage. The Court denied Petitioner's § 2255 motion on April 1, 2015, and declined to issue a Certificate of Appealability. (Doc. 4). On September 1, 2015, Petitioner filed the pending Motion for Leave to Appeal In Forma Pauperis. (Doc. 11).

## LEGAL STANDARDS

Under 28 U.S.C. § 1915(a), an indigent prison litigant may pursue an appeal by filing an affidavit that includes a statement of all assets such prisoner possesses, and affirms that the prisoner is unable to pay court fees or provide security therefor. The affidavit must also state the nature of the appeal and the affiant's belief that he is entitled to redress. The prisoner must also submit a certified copy of his trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. Section 1915(a)(3) also explicitly provides an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

## DISCUSSION

Although Petitioner has complied with a number of the requirements of § 1915(a), his motion does not fully comply with all of them. He has prepared the necessary affidavit affirming that he is unable to pay court fees, he has provided a statement of all of his assets, and he has stated his belief that he is entitled to redress and indicated that he is appealing the Court's decision relating to the

amount of drugs for which he was convicted and sentenced. Petitioner has not, however, attached a certified copy of his trust fund account statement for the six months preceding the appeal. Instead, he has attached a balance sheet of his account for the month of July 2015 along with documentation indicating that he has attempted to obtain a certified copy of his trust fund account statement. (*See* Doc. 11 at 7-9).

Ordinarily, the Court would direct the Clerk to request a certified copy of Petitioner's prison trust fund account statement, and defer ruling on the Motion for Leave to Proceed In Forma Pauperis until it received such a copy. Here, however, it is prudent to consider first whether Petitioner's appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Petitioner's motion indicates that he is only going to appeal the issue of drug weight. (*See* Doc. 11 at 1). The weight of methamphetamine for which Petitioner was convicted and sentenced is relevant to two of the grounds: the first is for actual innocence and ineffective assistance of counsel at sentencing, and the second is his claim based on *Alleyne v. United States,* 133 S. Ct. 2151 (2013) that his sentence is illegal because a jury did not determine the weight of methamphetamine that was present in the conspiracy.

For substantially the same reasons that the Court dismissed Petitioner's § 2255 motion and denied a certificate of appealability, it concludes that no reasonable person would suppose that the appeal has some merit. *See Walker,* 216 F.3d at 632. As the Court previously noted, Petitioner's stand-alone claim that he is actually innocent of the amount of drugs is not a cognizable § 2255 claim. (Doc. 4 at

6). As to the ineffective assistance at sentencing claim based on the weight issue, the Court concluded that Petitioner was unable to show prejudice because he pleaded guilty to a crime based on a certain weight of drugs and subsequently received the mandatory minimum for that crime. (*See* Doc. 4 at 6-10). Because Petitioner received the most lenient sentence available to him based upon his guilty plea, nothing about his counsel's performance at sentencing related to the issue of drug weight affected the ultimate sentence he received. Therefore, no reasonable person could suppose that Petitioner's ineffective assistance of counsel at sentencing claim could have merit.

As to Petitioner's *Alleyne* claim, the Court concluded that Petitioner pleaded guilty to the indictment brought against him, which charged him with being part of a conspiracy to manufacture and distribute methamphetamine and further charged that the conspiracy involved more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine. (*Id.* at 11-12). Although Petitioner did not admit to a specific amount of methamphetamine at his change of plea hearing, he admitted that the conspiracy involved more than 500 grams during it and the United States provided an independent basis for the plea. (*Id.* at 12). Because an admission is *better* than a jury's finding beyond a reasonable doubt, the Court concluded that Petitioner's claim based on *Alleyne* was frivolous. (*Id.*). As with the first ground, a reasonable person could not suppose that it has merit.

Because a reasonable person could not suppose that the appeal has some merit, the Court concludes that Petitioner's appeal is not taken in good faith. *See Walker*, 216 F.3d at 632; 28 U.S.C. § 1915(a)(3).

4

CONCLUSION

For the foregoing reasons, Petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 11) is DENIED. Pursuant to Federal Rule of Appellate Procedure 24(a)(4) the Clerk is ordered to immediately notify the parties and the Seventh Circuit Court of Appeals that this Court has denied Petitioner's motion and has certified that the appeal is not taken in good faith because it is without merit.

Entered this _10th_ day of September, 2015.

s/Joe B. McDade

JOE BILLY McDADE
United States Senior District Judge

5